JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:21-CV-00619-DOC-(KESx)            Date: July 29, 2021

Title: GARY SCHERER v. SMI HOTEL, LLC

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [18]**

    Before the Court is Defendant SMI Hotel, LLC Motion to Dismiss ("Mot.") (Dkt. 18). The Court heard oral argument on July 28, 2021. After considering the moving papers and the parties' arguments, the Court **GRANTS** Defendant's Motion.

**I. BACKGROUND**

  **A. Facts**

    Plaintiff Gary Scherer ("Plaintiff") is an individual with Ataxia who uses a wheelchair for mobility. First Amended Complaint ("FAC") ¶ 1 (Dkt. 14). Plaintiff planned to make a trip in September 2021 to Newport Beach. *Id.* ¶ 11. He chose to stay at Defendant's hotel called Holiday Inn Express in Newport Beach, CA. *Id.* ¶ 12. Due to his condition, Plaintiff requires an accessible guestroom. *Id.* ¶ 14. And, before booking,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-00619-DOC-(KESx)            Date: July 29, 2021
                                                                                                 Page 2

Plaintiff "needs to be given information about accessible features in hotel rooms" so he can book rooms where he can be independent and safe. *Id.* Plaintiff alleges Defendant's website was devoid of such information. *See generally* FAC.

### B. Procedural History

On February 26, 2021, Plaintiff filed their original complaint in Orange County Superior Court asserting two causes of action: (1) Violation of the Americans with Disabilities Act ("ADA") and (2) Violation of the Unruh Civil Rights Act. Complaint (Dkt. 1-2). Defendant removed the case to this Court on April 2, 2021. Notice of Removal (Dkt. 1-1). Subsequently, Plaintiff amended their complaint to drop their ADA claim and add another cause of action for violation of California's Unfair Competition Law ("UCL"). *See generally* FAC. Defendant moved to dismiss Plaintiff's FAC on June 9, 2021. Plaintiff opposed the motion on July 1, 2021. Opposition to the Defense Motion ("Opp'n.") (Dkt. 22). Defendant replied on July 12, 2021. ("Reply") (Dkt. 23).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-00619-DOC-(KESx)            Date: July 29, 2021
                                                                                       Page 3

are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. DISCUSSION

#### A. Defendant's Request for Judicial Notice

As an initial matter, Defendant has asked that this Court take judicial notice of the following: fifty-seven different orders dismissing a plaintiff's case in other "reservation cases" and two screenshots from Defendant's website. *See generally* Request for Judicial Notice ("RJN") (Dkt. 19). The Court grants Defendant's request. For the fifty-seven orders, it is well-established that "a court may take judicial notice 'of court filings and other matters of public record." *Givens v. Newsom*, 459 F. Supp. 3d 1302, 1309 (E.D. Cal. 2020) (quoting *Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). For the screenshots of Defendant's website, the Court takes judicial notice because the Defendant "supplied the Court with hard copies of the actual webpages" as required. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005).

#### B. Plaintiff's Unruh Claim

The Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 seeks to create and preserve "a nondiscriminatory environment in California business establishments by 'banishing' or 'eradicating' arbitrary, invidious discrimination by" by business establishments. *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 167 (2007) (quoting *Ibister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72, 75-76 (1986)). The Unruh Act is "coextensive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-CV-00619-DOC-(KESx)            Date: July 29, 2021
                                                                                                                               Page 4

with the ADA," meaning a violation of the ADA establishes a violation of the Unruh Act. *Molksi v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

       Plaintiff's Unruh claim is entirely dependent on a violation of the ADA. *See* FAC ¶ 31 ("Plaintiff alleges that his *rights* granted under the ADA were violated and, thus, there has been a violation of the Unruh Civil Rights Act.") (emphasis in original). Accordingly, the Court may analyze Plaintiff's Unruh claim as identical to a claim for relief under the ADA.

       In 2010, the United State Justice Department adopted the 8 C.F.R. § 36.302(e)(1) (the "Reservations Rule). The Reservations Rule states that a hotel, in order to be ADA-compliant, must:

> "Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

       The DOJ commentary to the Reservations Rule, however, states the Department's view that "a reservation system is not intended to be an accessibility survey." 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance"). Very recently, courts in this circuit in forty-two different cases— in which plaintiffs asserted nearly identical claims to those asserted in this action—have applied the 2010 Guidance in rejecting these claims and dismissing the complaints with prejudice. These courts concluded that the information provided on the websites at issue—which, in each case, was comparable to the information on Defendant's website— complied with the ADA.[1] To highlight just one example, this Court recently ruled that

---

[1] *See, e.g.*, *Garcia v. Palmetto Hospitality of Santa Monica II, LLC*, No. 2:20-cv-11294-SB-JC, ECF No. 22 (C.D. Cal. May 24, 2021); *Garcia v. Pinnacle 1617, LLC*, No. 21-cv-00126-JAM-DB, ECF Nos. 17 and 18 (E.D. Cal. Mar. 23, 2021) ("*Heritage*"); *Lammey v.Spectrum Gateway Hotels*, No. 8:21-cv-00104-DOC-KES, ECF No. 19 (C.D. Cal. Mar. 22, 2021) ("*Spectrum*"); *Love v. KSSF Enterprises LTD*, No. 3:20-cv-08535-LB, ECF No. 27 (N.D. Cal. Mar. 18, 2021) ("*KSSF*"); *Arroyo v. AJU Hotel Silicon Valley LLC*, No. 4:20-cv-08218-JSW, ECF No. 24 (N.D. Cal. Mar. 16, 2021) ("*AJU*"); *Garcia v. Chamber Maid L.P.*, No. 2:20-cv-11699-PA-PD, ECF No. 20 (C.D. Cal. Mar. 15, 2021) ("*Chamber Maid*"); *Love v. Marriott Hotel Services, Inc.*, No. 3:20-cv-07137-TSH, ECF No. 24 (N.D. Cal. Mar. 3, 2021) ("*MHSI*"); *Love v. Gates Hotel, Inc.*, No. 3:20-cv-07191-SI, ECF No.14 (N.D. Cal. Mar. 2, 2021) ("*Gates Hotel*"); *Garcia v. Gateway Hotel L.P.*, No. 2:20-10752-PA-JGS, ECF No. 23 (C.D. Cal. Feb. 25, 2021) ("*Gateway*"); *Salinas v. Apple Ten SPE Capistrano, Inc.*, No. 8:20-cv-02379-CJC-DFM, ECF No. 14 (C.D. Cal. Feb. 18,2021) ("*Apple Ten*"); *Arroyo v. JWMFE Anaheim, LLC*, No. 8:21-cv-00014-CJC-KES, ECF No. 17 (C.D. Cal. Feb. 16, 2021) ("*JWMFE*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-00619-DOC-(KESx)            Date: July 29, 2021
                                                                                                     Page 5

"describing a room as 'accessible' is sufficient to comply with the [2010 Guidance]" because, if that information is not enough, "an inquiring patron can simply call the hotel for more information." *Chamber Maid*, No. 2:20-cv-11699-PA-PD (C.D. Cal. March 15, 2021).

Here, Defendant's website provided sufficient accessibility information. Specifically, the website clearly stated rooms were "accessible." *See* RJN Ex. 10. That is enough for the website to be ADA complaint. Having found the website is ADA complaint, Plaintiff's Unruh claims necessarily fail and are, accordingly, **DISMISSED**.

### C. Plaintiff's UCL Claim

Plaintiff's UCL claim is entirely derivative of their Unruh claim. The FAC alleges since Defendant's actions "violate the Americans with Disabilities Act and the Unruh Civil Rights Act," they are "unlawful and, therefore, prohibited by California's Unfair Competition Law." As described above, the Defendant did not violate the ADA or the Unruh Civil Rights Act. Accordingly, the Plaintiff's UCL claim is **DISMISSED**.

### IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                             Initials of Deputy Clerk: kd

CIVIL-GEN